IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD L. BEACHUM,**

    Plaintiff,

vs.                                           Civ. No. 03CV1101 WJ/ACT

**JOE R. WILLIAMS, et al.**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' Martinez Report filed July 21, 2004, construed as a motion for summary judgment. Docket No. 25. This case was referred to the undersigned United States Magistrate Judge on October 9, 2003 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). Having considered the pleadings and the relevant law, the Court recommends that Plaintiff's claims be dismissed without prejudice.

## PROPOSED FINDINGS

1. This is a *pro se*, *in forma pauperis* civil rights action brought under 42 U.S.C. §1983 by Plaintiff Ronald L. Beachum. Plaintiff is incarcerated at the Southern New Mexico Correctional Facility ("SNMCF") in Las Cruces, New Mexico. On September 19, 2003, Plaintiff filed his Complaint alleging Defendants violated his constitutional rights by retaliating against him for filing

1

a previous lawsuit. Specifically, Plaintiff alleges that on November 18, 2002, he was placed in involuntary segregation, a Level VI placement, and that on April 1, 2003, he was "involuntarily transferred" from the Lea County Correctional Facility ("LCCF") to the SNMCF. On February 4, 2004, Plaintiff filed an Amended Complaint adding additional parties. Docket No. 15.

2. Under 42 U.S.C. §1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 531 U.S. 731 (2001). Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. Id. at 740. The PLRA's exhaustion requirement applies to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). In the case of prisoner civil-rights complaints, the prisoner must provide a clear statement of the important facts supporting his claim and explain his attempts to exhaust available administrative remedies. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003).

3. In this matter, Plaintiff asserted in his Complaint that he exhausted his administrative remedies. Plaintiff did not attach any documents. However, Plaintiff did assert that on December 12, 2002, he filed a grievance "on being placed in segregation" and on December 20, 2002, he appealed this matter to the "classification Appeals Office/Assoc Warden Sandra McFadden". Complaint, p. 5. He further stated that Mrs. McFadden denied the appeal. On December 23, 2002, Plaintiff further asserts that he appealed this decision to the Department of Corrections and has not received a reply to that appeal. Defendants, in their answers filed, February 11, 2004 (Docket

No.16) and June 14, 2004 (Docket No. 21) admitted that "Plaintiff requested grievance forms, filed a grievance, and appealed to the classification appeals office, Associate Warden Sandra McFadin, ...." Answers, p. 2.  However, in response to the Court's Order Directing Submission of Martinez Report, Defendants submitted no documents regarding a grievance concerning the alleged retaliation.  Rather Defendants assert that Plaintiff had failed to exhaust his administrative remedies.

    4.       On August 27, 2004, the Court ordered the Defendants to submit a supplemental *Martinez Report* to address the Defendants inconsistent assertions regarding Plaintiff's exhaustion of administrative remedies.  Docket No. 28.  Plaintiff filed a response to Defendant's supplemental *Martinez Report*. Docket No. 32.

    5.       The undisputed evidence before this Court is that Plaintiff did not exhaust his administrative remedies as to his placement in involuntary segregation.  The Inmate Classification Appeal Form ("Form") shows that the Classification Appeals Officer denied Plaintiff's appeal on December 20, 2002.  Exh. K. The Form also demonstrates that the warden denied Plaintiff's appeal on December 20, 2003.  There are no further entries on the Form.

    6.       Defendants have submitted two affidavits from the records custodian of inmate grievance records at the LCCF.  Exhs. L and O.  The records custodian affirms that the grievance process at the LCCF at the time of Plaintiff's incarceration is outlined in Exhibit J.  Exhibit J shows that the last step in the grievance procedure is an appeal to the Director of the Adult Prisons Division. Moreover, Policy CD-132000 of the New Mexico Corrections Department states for a Level VI Placement, the final review on appeal is by the Director of Adult Prisons. Exh. B, Policy CD-132000, p. 12.

    7.       That appeal section of the Form is blank.  In other words, Plaintiff did not complete

3

the appeal portion of the Form. The classification appeals officer did not note any receipt of an appeal. Thus, the record demonstrates that after the warden denied Plaintiff's grievance, Plaintiff failed to appeal. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who beings the grievance process but does not complete it is barred from pursuing a §1983 claim under [the] PLRA for failure to exhaust his administrative remedies.")

8. Moreover, the undisputed evidence is that Plaintiff did not initiate any grievance process with regard to his April 1, 2003 transfer to the SNMCF. Plaintiff has not submitted any documentation that he appealed his transfer. Furthermore, Defendant has filed an undisputed affidavit that while incarcerated at LCCF, "Plaintiff filed no grievance regarding his transfer to the Southern New Mexico Correctional Facility ("SNMCF")." Exh. O. The Tenth Circuit has recently held that §1997e(a) of the PLRA contains a "total exhaustion requirement." *Ross v. County of Bernalillo,* 365 F.3d 1181, 1188-89 (10th Cir. 2004). Thus, Plaintiff must exhaust his administrative remedies with regard to each of the incidents alleged in his complaint. Plaintiff's failure to initiate the grievance process with regard to his transfer to the SNMCF requires the dismissal of Plaintiff's Amended Complaint. *Id*.

9. As Plaintiff failed to exhaust his administrative remedies, his federal claims should be dismissed without prejudice. To the extent any state claims are alleged in Plaintiff's Amended Complaint, the Court recommends that supplemental jurisdiction be refused. *See* 28 U.S.C. §1367(c); *Amazon Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001).

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Amended Complaint filed February 4, 2004 (Docket No. 15) be

dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**